FILED
SUPERIOR COURT
OF GUAM

2018 MAR 16 AM 10: 49

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| KELLY LEEDETTA HATTEL, | ) | DOMESTIC CASE NO. |
| | ) | DM0665-13 |
| PLAINTIFF, | ) | |
| v. | ) | DECISION AND ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO DISMISS OR |
| ZEUS JOHN YIAMOUYIANNIS, | ) | DECLINE JURISDICTION |
| | ) | |
| DEFENDANT. | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on December 18, 2017 for a hearing on Defendant's Motion to Dismiss or Decline Jurisdiction. Defendant Zeus Yiamouyiannis ("Defendant") appeared through counsel Attorney Leevin Camacho. Plaintiff Kelly Leedeta Hattel ("Plaintiff") appeared through counsel Attorney Michael Berman. After concluding oral arguments, the Court took the matter Under Advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam. Having reviewed the record, relevant law, and parties' oral arguments, the Court now issues this Decision and Order GRANTING Defendant's Motion to dismiss or Decline Jurisdiction.

## BACKGROUND

The parties were married in 2006 in California. The parties have one child together, P.A.Y. (DOB: 01/11/2008) ("Minor") who was born in California and who moved with his

ORIGINAL

parents to the Philippines in 2011. Minor and Plaintiff continues to reside in the Philippines. Defendant currently resides in California.[1]

Although Plaintiff resided on Guam in 1979 to 1985, over a decade before the marriage, Minor has never resided on Guam. The parties indicated that they chose to initiate a dissolution of marriage on Guam because it was the closest United States Jurisdiction to the Philippines, and therefore, it was the "most convenient forum for them." Pl. Opp. to Def. Mot. to Dismiss or Decline Jurisdiction, at p. 2 (Nov. 17, 2017).

On December 18, 2013, this Court issued a Final Decree for Dissolution of Marriage, which incorporated the parties' Marital Settlement Agreement ("MSA"). The MSA discussed the Child Custody arrangement and provides primary physical custody to Plaintiff. The parties agreed that this Court's jurisdiction over the child custody issue was pursuant to Title 7 of the Guam Code Annotated ("G.C.A.") § 39201(a) (4). The parties have never formally challenged this Court's jurisdiction, until this action.

In the summer of 2017, Minor visited the Defendant in Arizona. Plaintiff agreed to extend the visitation for an additional four weeks and to allow Minor to attend Defendant's wedding out of state, in California. While in California, Minor allegedly made sexually inappropriate statements and gestures in Defendant's presence. Defendant was concerned by Plaintiff's refusal to respond to his evidence and Plaintiff stated she would charge Defendant with child abduction for refusing to return the child after July 28, 2017.

//

//

_____

[1] In 2013, Defendant moved from the Philippines to Arizona. Subsequent to filing this motion, in November, 2017 Defendant relocated from Arizona to California.

### a) Filings in the Superior Court of California

On July 24, 2017, Defendant filed a Domestic Violence Restraining Order in California against Plaintiff, reasoning that Plaintiff failed to protect Minor from sexual abuse and failed to respond once confronted with evidence. The Temporary Restraining Order was issued the following day. After a hearing held on August 10, 2017, the restraining order was dismissed by the California Court.

### b) Filings in the Superior Court of Arizona

Simultaneously, on July 27, 2017, Plaintiff filed an action in Arizona to enforce the MSA from Guam and compel Defendant to return the Minor to her custody. On August 2, 2017, the Arizona Court issued an Order Granting Request for Registration of Final Decree of Dissolution of Marriage. Plaintiff filed a Supplement to the Emergency Petition in Arizona because Defendant failed to appear at the designated location to exchange the parties' minor child. On August 8, 2017, the Arizona Court orally granted the Petition to enforce Parenting Time Orders in the Final Decree of Dissolution of Marriage issued by the Superior Court of Guam, pending the California Court's ruling on the restraining order.

On August 8, 2017, the Superior Courts of Arizona and California also held a Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") Conference where the courts discussed jurisdiction. Both courts held separately that it does not have ongoing jurisdiction under the UCCJEA. Pl. Not. of Filing Rep. Tr. Proceedings in Super. Ct. Ariz. Ex. A, at 44-45 (Aug. 8, 2017). The Arizona Court determined that it does not have jurisdiction to modify the existing orders set forth in the Guam Decree, but only had authority to enforce the orders. Not. Of Filing of Decl. of Natalya Ter-Grigoryan, p. 1 (Nov. 17, 2017). The California Court also concluded that it does not have jurisdiction to make orders in this case and subsequently

dismissed "all custody orders issued as part of those temporary orders,...effective immediately." *Id.* Ex. B.

### c) Filings in the Superior Court of Guam

On September 19, 2017, Plaintiff filed a Petition to Modify Custody Determinations in Final Decree for Dissolution of Marriage (the "Petition to Modify Custody") before this Court. The time to file an opposition to the Petition to Modify Custody elapsed on October 17, 2017. On October 20, 2017, Defendant filed the instant motion, to Dismiss or Decline Jurisdiction and Stay Matter Pending Decision on Jurisdiction (the "Motion to Stay"). On November 17, 2017, Plaintiff filed an Opposition to Defendant's Motion to Dismiss or Decline Jurisdiction. This Court granted the Motion to Stay on November 22, 2017. On December 1, 2017, Defendant filed a Reply Memorandum in Support of Motion to Dismiss or Decline Jurisdiction.

On December 18, 2017, the Court heard oral arguments on the Motion to Dismiss or Decline Jurisdiction. Defendant argued that the Court should grant the instant Motion and allow him file the action in California, arguing that under 7 G.C.A. § 39202(a) (1) and (2) this Court no longer has jurisdiction to modify the initial child-custody order. On the other hand, Plaintiff contends this Court still has jurisdiction to modify the child-custody order, pursuant to 7 G.C.A. § 39202(b).

### LAW

"Guam, like nearly all United States jurisdictions, has adopted the [UCCJEA]." *Koji v. Neves*, 2016 Guam 36, ¶ 32. The UCCJEA "attempts to foster uniformity among state laws governing jurisdiction over child custody determinations." *Id.* (quoting Ann K. Wooster, Annotation, Construction and Application of Uniform Child Custody Jurisdiction and Enforcement Act's Home State Jurisdiction Provision, 57 A.L.R.6th 163, 163 (2010)).

### a) This Court does not have exclusive, continuing jurisdiction to modify custody under Section 39202(a).

The standard for continuing jurisdiction is described as:

(a) Except as otherwise provided in section 39204, a court of Guam which has made a child-custody determination consistent with sections 39201 or 39203 has exclusive, continuing jurisdiction over the determination *until*:

(1) a court of Guam determines that neither the child, the child's parents, and any person acting as a parent do not have a *significant connection* with Guam and that *substantial evidence* is no longer available in Guam concerning the child's care, protection, training, and personal relationships; or

(2) a court of Guam or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in Guam.

7 G.C.A. § 39202. (emphasis added). The goal of the "significant connection" inquiry in considering which State's exercise of jurisdiction on an issue of child custody is in the child's best interest is to determine which state has superior access to relevant evidence. *Stelluto v. Stelluto*, 914 So. 2d 34, 40 (La. 2005). California recognized that under the UCCJEA, continuing jurisdiction remains with the state issuing the initial decree if "1) a parent still resides in the decree state and 2) the child continues to have some connection with the decree state, such as visitation." *Grahm v. Superior Court*, 132 Cal.App.4th 1193 (2005). The Grahm Court also opined that "the original state retains continuing exclusive jurisdiction as long as the parent who is exercising visitation rights still lives in that state and the relationship between that parent and the child has not deteriorated to the point at which the exercise of jurisdiction would be unreasonable." *Id.* at 1200.

The parties in this case are in a unique situation, because this Court has no connection to the Minor at all and jurisdiction for the initial decree was established because at that time, this Court was a "convenient" location. As the parties have indicated, jurisdiction for the initial child-custody order was merely based on the fact that "no other court of any other State would have

jurisdiction." 7 G.C.A. § 39201. *See* also MSA (Dec. 18, 2013). The parties have no other connection to Guam. In fact, the residency requirement for the dissolution of marriage was established through both parties consent in writing and by Defendant residing in Guam at least seven days immediately preceding the filing of the complaint. *See* 19 G.C.A. § 8318(b).[2]

Neither the Parties nor the Minor have any, let alone a significant, connection with Guam. Minor has never lived on Guam with any of the parties. Although Plaintiff resided on Guam for about five years, this residency predates the marriage and the birth of the Minor by nearly 21 and 23 years, respectively. The Minor has only lived in California and the Philippines.

The record also suggests that neither parent has any intention of residing on Guam. None of the parties reside on Guam, nor is there any evidence that the parties will exercise visitation rights on Guam. Defendant is now a resident of California, while Plaintiff and Minor continue to reside in the Philippines. Therefore, no evidence ever existed - or will exist - on Guam regarding Minor's care, protection, and personal relationship. Accordingly, the Court determines that it does not have exclusive, continuing jurisdiction pursuant to Section 39202(a) because the parties do not have a significant connection with Guam and substantial evidence is not available on Guam.

b) **This Court does not have continuing jurisdiction to modify under Section 39202(b).**

Section 39202(b) provides that "A court of Guam which has made a child-custody determination and does not have exclusive, continuing jurisdiction under this section *may modify* that determination only if it has jurisdiction to make an initial determination under section

---

[2] Section 8318 governs the residency requirement when filing a dissolution of marriage on Guam. This requirement can be satisfied, "If both parties consent in writing to a divorce or dissolution of their marriage, a divorce or dissolution may be granted if one of the parties has resided in Guam for at least seven (7) days immediately preceding the filing of the complaint."

39201." (emphasis added). Section 39201[3] describes the manner in which a court can obtain jurisdiction to make an initial child-custody determination; this includes 1) home state jurisdiction,[4] 2) significant connection, 3) declination by another court, and 4) default jurisdiction.

This Court finds that it no longer has the authority to modify the initial child custody order pursuant to 7 G.C.A. § 39202(b), because it does not have jurisdiction under 7 G.C.A. § 39201. California and Arizona's decision to decline exercising jurisdiction is insufficient to warrant this Court jurisdiction under Section 39201(3). The Court relies on *Long v. Long* which vacated the second amended judgment after finding that the lower court lacked jurisdiction to modify child custody where the parents and children do not reside in North Dakota. 439 N.W.2d

---

[3] 7 G.C.A. § 39201 (a) reads as:
   (a) Except as otherwise provided in section 39204, the Superior Court of Guam has jurisdiction to make an initial child-custody determination only if:
      (1) Guam is the home State of the child on the date of the commencement of the proceeding, or was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent or person acting as a parent continues to live in Guam;
      (2) a court of another State does not have jurisdiction under paragraph (1), or a court of the home State of the child has declined to exercise jurisdiction on the ground that Guam is the more appropriate forum under section 39207 or 39208, and:
         (A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with Guam other than mere physical presence; and
         (B) substantial evidence is available in Guam concerning the child's care, protection, training, and personal relationships;
      (3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that the Superior Court of Guam is the more appropriate forum to determine the custody of the child under section 39207 or 39208; or
      (4) no court of any other State would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

[4] 7 G.C.A. § 39102(g) defines home state as used in this Act as:
   [T]he State or Territory in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six (6) months of age, the term means the State or Territory in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

523, 525 (N.D. 1989). Similarly, in this case, another state - Minnesota - declined to exercise jurisdiction to avoid "simultaneous proceedings." *Id.* at 525. The *Long* court opined:

> Although North Dakota is without jurisdiction, and Minnesota has declined to exercise its jurisdiction, the parties are not without a remedy. In its opinion dismissing the proceedings on July 29, 1987, the district court for Ramsey County, Minnesota, stated that "[t]his court will exercise its jurisdiction if North Dakota finds it does not now have jurisdiction...." The Minnesota court recognized that it had jurisdiction. Minnesota is the proper forum to modify the custody decree.

*Id.* at 526.

The UCCJEA permits a succeeding state or territory to modify a child custody order made by a preceding court, so long as the requirements are met. *See* 7 G.C.A. § 39203[5]; Cal. Fam. Code § 3423. California or another jurisdiction that satisfies the jurisdiction requirements to make an initial determination may modify Guam's initial child custody decree, since this Court has now determined it no longer has exclusive, continuing jurisdiction, that another state would be more appropriate, and that the parties and Minor do not presently reside on Guam.

The Court also finds that Guam cannot have jurisdiction under the home state or significant connection prongs because the child never lived on Guam. *See* 7 G.C.A. § 39102(g). Further, this Court cannot have jurisdiction pursuant to Section 39201(a) (4) or the default prong, because another Court would have jurisdiction under the first three prongs of the analysis.

---

[5] The Guam statute reads as:

> Except as otherwise provided in section 39204, the Superior Court of Guam may not modify a child-custody determination made by a court of another State unless the Superior Court of Guam has jurisdiction to make an initial determination under section 39201(a)(1) or (2) and:
>
> (1) the court of the other State determines it no longer has exclusive, continuing jurisdiction under section 39202 or that the Superior Court of Guam would be a more convenient forum under section 39207; or
>
> (2) the Superior Court of Guam or a court of the other State determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other State.

## c) This Court is not the appropriate forum under Section 39207.

Under Guam law, the Superior Court may decline to exercise its jurisdiction if it determines that it is an inconvenient forum and that a court of another state is a more appropriate forum. *See* 7 G.C.A. § 39207(a). In doing so, the court must consider whether it is appropriate for a court of another State to exercise jurisdiction. *Id.* at (b). The court is guided by factors in Section 39207(b)(1) through (8), the factors includes: 1) the occurrence and likelihood of domestic violence and the forum that best protects the parties and child; 2) the length of time the child has resided outside Guam; 3) the distance between Guam and the proposed forum; 4) the relative financial circumstances of the parties; 5) any agreement of the parties as to forum; 6) the nature and location of evidence, including testimony of the child; 7) the evidentiary procedures of each forum and the ability of each forum to adjudicate the matter expeditiously; and 8) the familiarity of the court in each forum with the facts and issues of the case. *See* 7 G.C.A. § 39207.

As to the first factor, there is no history of domestic violence. However, Defendant wants confirmation that Minor is not being "abused in the Philippines and that every reasonable step has been taken to examine any evidence of harm and to protect against such harm." Def. Mot. to Dismiss or Decline Jurisdiction at p. 4 (Oct. 20, 2017).

Second, the child has never resided on Guam. Minor has lived in the Philippines for about seven years. Prior to that, Minor resided in California for three years. Notably, Minor is only ten years old. It appears that Defendant intends to remain in California where he will exercise future parenting time and that Plaintiff has no desire of relocating from the Philippines.

Third, the distance between Guam and California is great. Although the Court recognizes that Guam is closer to the Philippines than any other state or U.S. Territory, Minor and Plaintiff

would be required to travel from the Philippines to Guam, if necessary, since they do not presently live on Guam.

Fourth, both parties have demonstrated their ability to litigate this action in three jurisdictions. Plaintiff is employed by a prominent international bank while Defendant is a part-time professor and counselor.

Fifth, the parties do not agree to a jurisdiction.

Sixth, no evidence is located on Guam. The Court is most concerned by the lack of connection to Guam. For example, the Court cannot initiate a child custody study, as it customarily does before issuing child custody orders. Evidence of Minor's past and future care is available in the Philippines; while evidence of Minor's possible future care may be available in California.

Seventh, both California and Guam courts are capable of deciding the issues expeditiously and the procedures necessary.

Eight, this Court has not heard evidence concerning the child's safety. The California Court has only determined the Temporary Restraining Order with regards to Defendant's concerns of the child's safety in the Philippines.

Notwithstanding the convenience of Guam's geographical location, the circumstances of this case clearly suggest that California is the best American jurisdiction which can best protect the child. Prior to the filing of this motion, the only action relevant to this proceeding that occurred on Guam was the filing of the 2013 dissolution of marriage. The circumstances of the parties have significantly changed since 2013; particularly, that Defendant has now relocated to the U.S. mainland. For these reasons, the Court finds that Guam is not an inconvenient forum to determine the issues of child custody.

## CONCLUSION

Based on the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Dismiss or Decline Jurisdiction. Plaintiff or Defendant may seek to have orders enforced or modified in a forum with appropriate jurisdiction over the Minor. The Court is precluded from determining the merits of the Petition to Modify Custody as it no longer has exclusive, continuing jurisdiction.

SO ORDERED this **MAR 1 6 2018** .

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereof was placed in the
court box
L. CAMACHO /
M. BORMAN /
3/16/18
Deputy Clerk Superior Court of G......